NATHANIEL TURNER *et al. vs.* EDWARD L. MAXON.

MARCH 10, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

HAHN, J. This is an action of trespass on the case for negligence, brought under the provisions of General Laws 1923, Chap. 333, Sec. 14, by Nathaniel Turner and his wife to recover for loss sustained by them through an accident which caused the death of their son. The trial in

the Superior Court resulted in a verdict for the plaintiffs for $8,000, and the case is before this court on defendant's exceptions to rulings during the course of the trial and to the denial of his motion for a new trial on the ground that the verdict is against the weight of the evidence and that the damages awarded are excessive.

The accident upon which these proceedings are based occurred on December 1, 1930, about 5 p. m. in the Autocar Sales and Service Station in Providence, where the deceased was the shop foreman. Defendant's employee, Byron Fenner, had driven to the station defendant's truck which had been so damaged in an accident that the supply of gas could not by the usual method be diminished, rendering it necessary in order to reduce the speed of the truck to adopt a method known as "slipping the clutch." The deceased told Fenner to remain outside until space to accommodate the truck was cleared, and shortly afterwards guided him in driving the truck into the station by walking backward about ten feet ahead of the truck. At his signal Fenner stopped the truck. Suddenly it started forward, knocked another truck, which was under repair, off the iron stands which in lieu of wheels supported the front of it, rebounded and again rolled ahead. In the course of these happenings the deceased was struck and received injuries which on December 20, 1930, resulted in his death.

Evidence as to the cause of the truck's unexpected movement was conflicting. There was testimony to the effect that Fenner, having driven the truck to a certain position, without stopping the engine negligently removed his foot from the clutch pedal so that power was applied to the wheels and caused the truck to move ahead. The testimony relative to the position of the deceased previous to and at the time he was injured was also contradictory. These questions of due care on the part of defendant's agent and of contributory negligence on the part of the deceased were questions for the jury and were submitted to them under a charge to which no exception was taken. The record

discloses evidence sufficient to support the claim of negligence in the management and control of defendant's truck and to negative the claim of contributory negligence on the part of the deceased. The verdict has the approval of the trial court and we find no error in the denial of defendant's motion for a new trial on the ground that the verdict is against the weight of the evidence. This ground of exception can not be sustained.

During the course of the trial defendant excepted to the final rejection of the Robinsonian table which he had introduced in evidence for the purpose of showing the present value of money payable at a future time. Life tables already introduced indicated that the deceased had a life expectancy of 29 years, and evidence was offered to the effect that the net income of the deceased in excess of his necessary living expenses was about $1,000 per year. Plaintiffs without objection introduced the Giauque-McClure table which showed the present value of $1.00 payable in equal annual installments for any given number of years with interest at 6%. The Robinsonian Table No. 3, thereafter introduced by defendant, gave the present value of money payable a stated number of years later, but was not based upon annual earnings. After the Robinsonian table had been admitted, and defendant's attorney had proceeded with his argument to the jury up to the point of discussing said table, the court excused the jury and in their absence ordered the evidence from the Robinsonian table stricken from the record, to which action the defendant excepted.

Life tables and tables determining the present value of future income are for the assistance of the jury and are not controlling. To be admissible they must be applicable to the facts of the case in which they are introduced. In *Powell* v. *Rousseau*, 38 R. I. 294, this court held that the value to the beneficiaries of a life in question should be regarded as a yearly benefit and that the jury should find the present value of such yearly benefit considered as an

annuity. Similarly, in the instant case it is apparent that the loss of income through death would be the loss of the annual amount each year for the given number of years; and it would be unfair to the beneficiaries if the benefit to them of the life of the deceased—which benefit was continuous throughout his lifetime—should be deferred until the termination of the period of life expectancy. The damages should therefore be based upon the annual net income for the period of life expectancy, with the present value of the dollar computed on an annuity basis. As the table offered by defendant does not compute the present value of money on such a basis, the court properly rejected it as inapplicable to the facts of the case. The exception to this exclusion is overruled.

The defendant further excepted to the discussion between court and defendant's counsel in regard to said table, on the ground that counsel was prepared to argue the amount of the damages by the rule in that table and, upon being interrupted and deprived of his right to so argue, lost the thread of his argument and was at a great disadvantage. If defendant's attorney was not prepared to proceed with his argument, a motion for a continuance would have been a proper method of avoiding this disadvantage, but no such motion was made and no objection, other than that to the discussion and rejection of said table, was raised. It further appears that the greater part of the discussion excepted to was in the absence of the jury, and an examination of the record relative thereto reveals nothing detrimental or prejudicial to defendant's case. This exception is overruled.

As to defendant's exception based upon the ground of excessive damages, the evidence indicated that the deceased had a net income of $1,000 a year beyond his living expenses and a life expectancy of 29 years. According to the Giauque-McClure table, which the trial justice held to properly compute the present value of prospective earnings, the maximum loss to plaintiffs in view of the above facts

would be a sum in excess of $13,500. Considering this computation, and also the employment and prospects of the deceased, the verdict is not excessive and does substantial justice between the parties. Defendant's exception on this ground is overruled.

All defendant's exceptions are overruled and the case is remitted to the Superior Court for the entry of judgment on the verdict.

*Pettine, Godfrey & Cambio,* for plaintiffs.

*Voigt, Wright & Munroe, Ernst T. Voigt, Nathan M. Wright, Jr., Raymond D. Brennan,* for defendant.

